IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-14-0405 |
| HOWARD CLEM, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

On January 30, 2015, a jury found the Defendant Howard Clem ("Clem" or "Defendant") guilty of four counts related to the distribution and receipt of child pornography. (ECF No. 61 \*SEALED\*.) On May 29, 2015, Judge Garbis of this Court sentenced him to 108 months' incarceration followed by a lifetime term of supervised release. (ECF No. 64.)[1]   He has now served nearly 70 months of this sentence.  Presently pending is Clem's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3585(c)(1)(A). (ECF No. 123.)  His Motion was supplemented by counsel.  (*See* ECF Nos. 130, 131, 133-36.) Clem argues that he is entitled to compassionate release due to a pre-existing heart condition, which puts him at a higher risk of infection and death from COVID-19, as well as emergency family conditions.  (ECF No. 123.)  He requests that he be permitted to serve the remainder of his sentence on home confinement.  (*Id.*)  The Government opposes Clem's release.  (ECF No. 128.)  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons stated herein, Clem's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 123) is GRANTED.

---

[1] As a result of the retirement of Judge Garbis, this matter was reassigned to the undersigned judge on June 24, 2020.

## BACKGROUND

For about a year, the Defendant exchanged explicit sexual images and messages with a co-conspirator he met online. (ECF No. 75.) Many of the online communications and images exchanged by the parties were focused on graphic sexual conduct involving prepubescent minors. (*Id.*) The chats also focused on the co-conspirator's 10-year-old daughter of whom Clem requested pictures. (*Id.*) The Defendant was charged in a four-count Indictment on August 27, 2014. (ECF No. 1.) Count One charged Clem with conspiracy to distribute and receive child pornography, in violation of 18 U.S.C. § 2252(a)(2). (*Id.*) Count Three charged him with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (*Id.*) In Count Five, he was charged with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (*Id.*) In Count Eight, he was charged with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (*Id.*)

A jury convicted Clem of all four counts on January 30, 2015. (ECF No. 61 *SEALED*.) The Court sentenced him to 108 months' imprisonment followed by a lifetime term of supervised release. (ECF No. 80.) This was Clem's first criminal conviction. (ECF No. 75.) Accordingly, he was given a minimum-security classification by the Bureau of Prisons ("BOP"). (ECF No. 123-4.) Clem has maintained a clean disciplinary record and productive employment while incarcerated. (ECF No. 123-13.)

In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On June 24, 2020, Clem moved for release to home confinement in light of the pandemic, asserting that his diagnosed heart

condition makes him particularly susceptible to the dangers of COVID-19.  (ECF No. 123.) Clem has Pericarditis, a condition involving swelling of the heart muscles. (ECF No. 123-1.) Additionally, Clem asserts that since his incarceration, his youngest daughter has suffered severe bouts of depression and self-harm.  (ECF No. 123.)  He also claims that his child's mother and eldest daughter have been in and out of the hospital for Hepatitis A and Mononucleosis, each suffering significant liver, lung, and breathing issues, heightening their susceptibility to the COVID-19 virus.  (*Id.*)

Clem is currently housed at FCI Fort Dix.  (ECF No. 123-13.)  Fort Dix is facing the worst outbreak of the COVID-19 virus in the country.  *See* Bureau of Prisons, *COVID-19 Cases*, available at https://www.bop.gov/coronavirus/ (last visited January 8, 2020).  As of today, there are more than 700 inmates who have tested positive for the virus.  *Id.* Unfortunately, Defendant Clem is now one of those inmates.  (ECF No. 136.)

**ANALYSIS**

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court.  With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

3

the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

Clem has satisfied the procedural perquisites for filing the instant motion in federal court by exhausting his administrative remedies as required by the First Step Act. On May 13, 2020, he filed a comprehensive request for compassionate release, which was denied on May 18, 2020. (*See* ECF Nos. 123-1, 123-2.) As thirty days have elapsed since Clem's request, his motion is properly before this Court. Therefore, this Court must determine whether extraordinary and compelling reasons warrant a reduction; whether Clem is a danger to the community; and whether a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).

This Court finds that Clem has shown extraordinary and compelling reasons for a reduction in his sentence. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Specifically, the Commission has determined that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a

partner; or (4) the BOP determines other circumstances create "extraordinary and compelling reasons" for sentence reduction.  U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).

As this Court has repeatedly recognized, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create extraordinary and compelling reasons to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).  Clem has been diagnosed with a heart condition known as Pericarditis.  (ECF No. 123-1.)  The Center for Disease control has continuously stressed that those with pre-existing heart conditions are at an increased risk of severe illness if they contract COVID-19.[2]  Clem tested positive for COVID-19 on January 7, 2021.  (ECF No. 136.)  While he has not yet reported what his symptoms include, if his condition deteriorates due to his pre-existing condition, he may require extensive care, and the conditions at Fort Dix could make such care unavailable.

At this time, there are more than 700 inmates and 20 staff members who have tested positive for COVID-19 at Fort Dix.  *See* Bureau of Prisons, *COVID-19 Cases*, available at https://www.bop.gov/coronavirus/ (last visited January 8, 2021).  Judge Chaung of this Court previously granted a motion for compassionate release for another inmate housed at Fort Dix when there were 238 active cases of the virus among inmates.  *See United States v. Davis*, No. TDC-16-0116, 2020 WL 6785351 (D. Md. Nov. 18, 2020).  The court noted that medical resources were "stretched," and that Fort Dix was one of the federal prisons most "profoundly impacted by COVID-19."  *Id.* at *2.  In *United States v. Rachal*, the court considered a motion

---

[2] *See* Center for Disease Control, *People at Increased Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Jan. 8, 2021).

for compassionate release for a defendant who had tested positive for COVID-19 at a facility with more than 500 active infections. 470 F. Supp. 3d 63 (D. Mass. 2020). The court noted concerns that the defendant, who was over the age of 65 and suffered from hypertension, may not be able to receive appropriate care if his condition were to worsen due to the uniquely severe outbreak at the facility. *Id.* at 65. The court also noted that district courts have granted motions for compassionate release for inmates who have tested positive for COVID-19. *Id.*

Further, as Clem asserts in his Motion, his daughter suffers from depression and has engaged in self-harm, in large part due to Clem's incarceration. (ECF No. 123.) His daughter's mother has recently spent time in and out of the hospital, leaving his daughter without a caregiver for long periods of time. (*Id.*) The health conditions which resulted in her hospitalization have left his daughter's mother with significant liver, lung, and breathing issues, which place her at an increased risk of severe illness if she were to contract the COVID-19 virus. (*Id.*) Clem's daughter, therefore, may again be left at home without a caregiver. This Court has previously considered lack of a caregiver to support a finding of extraordinary and compelling circumstances. *See United States v. Bostic*, No. RDB-20-0333, 2020 WL 5544201, at *3 (D. Md. Sept. 16, 2020).

In this case, Defendant Clem faces an increased risk of severe illness due to his pre-existing heart condition. Further, given the uniquely serious outbreak at Fort Dix, he may not be able to receive the medical treatment he may require if his condition were to worsen. These facts, combined with concerns for the well-being of his family, present extraordinary and compelling circumstances for Clem's release to home confinement.

This Court is also satisfied that Clem does not present a danger to his community and that a reduction in his sentence is appropriate in light of the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of similar factors. Under § 3553(a), the court considers (1) Clem's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, CCB-95-0202, 2020 WL 2085471 at *4 (D. Md. Apr. 30, 2020).

An examination of these factors indicates that compassionate release is appropriate. The nature and circumstances of Clem's conviction were serious. However, until his conviction in 2015, Clem lived his life devoid of criminal conduct. (ECF No. 75.) He has at this point served approximately two-thirds of his sentence. While incarcerated, Clem has maintained consistent and productive employment. (ECF No. 123-13.) If released to home confinement at this time, Clem would stay with his mother in Brooklyn Park, Maryland. (ECF No. 123.) Upon completion of that home confinement, Clem would transition to lifetime supervised release with limited access to internet and monitoring. (ECF No. 82.)

Accordingly, it is HEREBY ORDERED this 11th Day of January 2021, that Defendant Howard Clem's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3585(c)(1)(A) (ECF No. 123) is GRANTED, subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant Howard Clem's term of incarceration is reduced to time served, such that he is released from the custody of Bureau of Prisons as soon as the terms of this Order can be implemented;

2. Upon the expiration of Clem's quarantine period and receipt of a medical clearance, the warden of FCI Fort Dix shall forthwith release from custody the person of the Defendant, Howard Clem;

3. As originally ordered on May 29, 2015 (ECF No. 82), the Defendant Howard Clem shall be on supervised release status for life with the same statutory standard and standard conditions of supervision and the same additional conditions of supervised release, with the additional condition that the first twenty-four months of supervised release will be by electronically monitored home detention;

4. Defendant Howard Clem shall be released to the custody of his mother, Betty Jane Pomroff, and reside at her home in Brooklyn Park, Maryland;

5. While traveling from FCI Fort Dix to that residence he will isolate himself to the best of his ability; and

6. Pretrial/Probation will review the conditions of release with Defendant Howard Clem.

_____/s/_____
Richard D. Bennett
United States District Judge